IIN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NA-ZER HAYMAN-COOPER, | § | |
| | § | No. 236, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 2106007748, |
| STATE OF DELAWARE, | § | 2106008755, 2106008838, |
| | § | 2207010076 |
| Appellee. | § | |

Submitted: December 11, 2023
Decided: January 29, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record on appeal, it appears to the Court that:

(1)    In September 2021, the appellant, Nazer Hayman-Cooper, was indicted for multiple crimes in Cr. ID Nos. 2106007748 (which arose from a shooting in June 2021 that paralyzed the victim), 2106008755 (which arose from the theft of a cell phone in May 2021), and Cr. ID No. 210600838 (which arose from the theft of a gun in June 2021). In August 2022, Hayman-Cooper was indicted for tampering with a witness (the shooting victim in Cr. ID No. 2106007748) in Criminal ID No. 2207010076.

(2) On March 13, 2023, Hayman-Cooper resolved all of these cases by pleading guilty to first-degree assault and possession of a firearm during the commission of a felony ("PFDCF") in Cr. ID No. 2106007748 and tampering with a witness in Criminal ID No. 2207010076. The State agreed to dismiss the remaining charges. The parties requested a presentence investigation, and the State indicated it would be seeking consecutive Level V sentences. On June 2, 2023, the Superior Court sentenced Hayman-Cooper as follows: (i) for first-degree assault, twenty-five years of Level V incarceration, with credit for 317 days previously served, suspended after seven years for decreasing levels of supervision; (ii) for PFDCF, twenty-five years of Level V incarceration, suspended after three years for two years of Level III probation; and (iii) for tampering with a witness, six months of Level V incarceration to be served day-for-day under 11 *Del. C.* § 4204(k). This appeal followed.

(3) On appeal, Hayman-Cooper's appellate counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Hayman-Cooper of the provisions of Rule 26(c) and provided Hayman-Cooper with a copy of the motion to withdraw and the accompanying brief.

(4)     Counsel also informed Hayman-Cooper of his right to identify any points he wished this Court to consider on appeal.  Hayman-Cooper has submitted points for this Court's consideration.  The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(5)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(6)     In most of his points, Hayman-Cooper argues that his trial attorneys provided ineffective assistance of counsel.  He contends that his trial attorneys were ineffective for waiving the preliminary hearing, failing to maintain consistent communications with him, refusing to request bail hearings, mishandling plea negotiations, failing to provide him with discovery, failing to learn that the State was going to ask for ten years of Level V incarceration, and failing to develop effective

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

3

trial strategies. This Court does not consider ineffective assistance of counsel claims raised for the first time on direct appeal.[2]

(7) To the extent Hayman-Cooper claims that his guilty plea was involuntary and uninformed, the record refutes this claim. In the Truth-in-Sentencing Guilty Plea form, Hayman-Cooper indicated that he understood he was waiving certain constitutional rights, including his right to a trial, to question the witnesses against him, and to present evidence in his defense. During his plea colloquy with the Superior Court judge, Hayman-Cooper affirmed that he had reviewed the guilty plea forms with his counsel, no one threatened or forced him to plead guilty, he understood that he was giving up certain constitutional rights, he faced imprisonment of five to fifty-five years, and no one had promised him what his sentence would be. He also affirmed that he committed the crimes of first-degree assault, PFDCF, and tampering with a witness. Hayman-Cooper's guilty plea was knowing, intelligent, and voluntary.

(8) Finally, Hayman-Cooper argues that the sentencing judge relied on false information provided by the State to sentence him, erred in exceeding the Sentencing Accountability Commission ("SENTAC") guidelines, and failed to explain why he imposed sentences in excess of the SENTAC guidelines. These

---

[2] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994). Typically, a defendant pursues an ineffective assistance of counsel claim by filing a motion for postconviction relief under Superior Court Criminal Rule 61 in the Superior Court.

4

claims are without merit. In requesting an unsuspended sentence of ten years of Level V incarceration, the State highlighted, among other things, that the shooting victim was unwilling to come to court because he had been threatened and did not feel safe. Hayman-Cooper did not object to this statement at sentencing. In now claiming that this statement was false, Hayman-Cooper ignores that he pleaded guilty to tampering with a witness in Cr. ID No. 2207010076 by knowingly intimidating a witness or victim and that the shooting victim was the victim in question.

(9) As to Hayman-Cooper's claims concerning the SENTAC guidelines, the guidelines are non-binding and do not provide a basis for appeal where the sentence falls within prescribed statutory limits.[3] First-degree assault is a class B felony with a statutory sentencing range of two to twenty-five years of Level V incarceration.[4] Under the SENTAC guidelines, the presumptive sentence for first-degree assault is two to five years of Level V incarceration, which increases if the defendant has previous felonies.[5] PFDCF is a class B felony with a statutory sentencing range of three to twenty-five years of Level V incarceration.[6] Under the SENTAC guidelines, the presumptive sentence for PFDCF is three to five years of

---

[3] *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992).
[4] 11 *Del. C.* § 613(c); 11 *Del. C.* § 4205(b)(2).
[5] SENTAC Benchbook 2023, at 30, 34-35 available at https://cjc.delaware.gov/wp-content/uploads/sites/61/2022/12/Benchbook-2023-120122.pdf.
[6] 11 *Del. C.* § 1447A(a), (b); 11 *Del. C.* § 4205(b)(2).

Level V incarceration, which increases if the defendant has previous felonies.[7]

Tampering with a witness is a class E felony with a statutory sentencing range of up to five years of Level V incarceration.[8] Under the SENTAC guidelines, the presumptive sentence for tampering with a witness is up to one year of Level II probation.[9] Hayman-Cooper does not, and cannot, contend his sentences exceed the prescribed statutory limits.

(10) To the extent Hayman-Cooper contends that the sentencing judge violated § 4204(n) by failing to explain the basis for imposing a sentence in excess of the SENTAC guidelines, he is mistaken. The sentencing judge explained during sentencing that the sentences imposed, including the time to be served under § 4204(k), were based on the importance of crime victims feeling safe in the court system, Hayman-Cooper's lack of amenability to lesser sanctions (he was on juvenile probation and GPS monitoring at the time of the crimes), and the undue depreciation of the shooting victim's serious and permanent injuries if a lesser sanction were imposed. The sentencing judge balanced the aggravating factors with Hayman-Cooper's unaddressed mental health issues. In this case, the sentencing judge sufficiently explained on the record his reasons for departing from the SENTAC guidelines.

---

[7] SENTAC Benchbook 2023, at 30, 35, 39.
[8] 11 *Del. C.* § 1263; 11 *Del. C.* § 4205(b)(5).
[9] SENTAC Benchbook 2023, at 55-56.

6

(11) This Court has reviewed the record carefully and has concluded that Hayman-Cooper's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Hayman-Cooper's counsel has made a conscientious effort to examine the record and the law and has properly determined that Hayman-Cooper could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

7